UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JULIO RODRIGUEZ and WILFIDO
RODRIGUEZ, for themselves and on
behalf of those similarly situated,

   CASE NO.:

 Plaintiffs,
vs.

STONE PERFECTION, INC., a
Florida Profit Corporation, SPI STONE OF
FLORIDA, INC., a Florida Profit Corporation,
and MIGUEL ROMAY, individually,

 Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JULIO ROGRIGUEZ ("J. RODRIGUEZ") and WILFIDO RODRIGUEZ ("W. RODRIGUEZ") (collectively "Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendants, STONE PERFECTION, INC., a Florida Profit Corporation ("STONE PERFECTION"); SPI STONE OF FLORIDA, INC., a Florida Profit Corporation ("SPI STONE"), and MIGUEL ROMAY ("ROMAY"), Individually, (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as the FLSA claim.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this district.

**PARTIES**

5. At all times material hereto, Plaintiff J. RODRIGUEZ was, and continues to be, a resident of Broward County, Florida.

6. At all times material hereto, Plaintiff W. RODRIGUEZ was, and continues to be, a resident of Broward County, Florida.

7. Plaintiffs worked for Defendants in Broward County, Florida.

8. At all times material hereto, STONE PERFECTION was, and continues to be, a Florida Profit Corporation engaged in business in Broward County, Florida.

9. At all times material hereto, SPI STONE was, and continues to be, a Florida Profit Corporation engaged in business in Broward County, Florida.

10. Based on the information and belief, at all times material hereto, Defendant ROMAY was, and continues to be, a resident of Broward County, Florida.

11. Upon information and belief, at all times relevant hereto, STONE PERFECTION and SPI STONE were Plaintiffs' "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

12. At all times relevant hereto, STONE PERFECTION and SPI STONE were

Plaintiffs' "joint employer," for the purposed of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and not completely disassociated with respect to the Plaintiffs' employment, and shared control of Plaintiffs, directly or indirectly, because each of them was under common control with each other.

13. STONE PERFECTION and SPI STONE are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for STONE PERFECTION and SPI STONE attached hereto as **Exhibits A and B**, respectively.

14. STONE PERFECTION and SPI STONE share the same mailing address of 1955 NW 18th Street, Pompano Beach, FL 33069.

15. STONE PERFECTION and SPI STONE share the same registered agent.

16. At all times material hereto, Defendant ROMAY was, and continues to be Director and Treasurer of STONE PERFECTION, and President and Vice President to SPI STONE.

17. Defendant ROMAY managed the day-to-day operations of STONE PERFECTIONS and SPI STONE and regularly exercised the authority to: (a) hire and fire employees of STONE PERFECTION and SPI STONE; (b) determine the work schedules for the employees of STONE PERFECTION and SPI STONE; and (c) control the finances and operations of STONE PERFECTION and SPI STONE.

18. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of STONE PERFECTION and SPI STONE; (b) determine the work schedules for the

3

employees of STONE PERFECTION and SPI STONE; and (c) control the finances and operations of STONE PERFECTION and SPI STONE, Defendant ROMAY is an employer as defined by 29 U.S.C. 201 *et. seq*.

19. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

20. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

21. At all times material hereto, STONE PERFECTION and SPI STONE were, and continue to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of STONE PERFECTION and SPI STONE, as a joint enterprise, was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

23. Based upon information and belief, the annual gross revenue of STONE PERFECTION was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

24. Based upon information and belief, the annual gross revenue of SPI STONE was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as stone imported from Italy, vans, trucks, private cars, and fabrication

machines.

26. At all times material hereto, the work performed by the Plaintiffs was directly essential to Defendants' business.

## STATEMENT OF FACTS

27. In May 2013, Defendants hired J. RODRIGUEZ and W. RODRIGUEZ as non-exempt laborers, performing installation work for Defendants' company.

28. Plaintiffs' work included the installation of tile, stone, and quartz into the homes and/or businesses of Defendants' clients.

29. Plaintiffs were paid an hourly rate for their work for Defendants.

30. At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a workweek.

31. Despite working numerous overtime hours for Defendants, prior to December 2021, to the extent payment was made for hours over forty, payment was made only at Plaintiffs' regular hourly rate, without any overtime premiums.

32. Prior to December 2021, Defendants failed and/or refused to properly compensate Plaintiffs, and other laborers ("those similarly situated"), at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

33. Defendant misclassified Plaintiffs and other laborers as independent contractors.

34. Specifically, Defendants' conduct which made the economic reality of Plaintiffs and other laborers an employment relationship includes but is not limited to the fact that Defendants:

    a. Set laborers' rate of pay, which laborers could not negotiate;

    b. Set laborers' schedules;

    c.    Supervised laborers' work;

    d.    Subjected laborers' to company supervision, including through supervision by J. Rodriguez who was employed for some time as a supervisor;

    e.    Made all of the investment in the business where laborers made no investment in the business;

    f.    Employed Plaintiffs from May 2013 to September 2021, and, upon information and belief employed other laborers for open-ended periods of full time employment, as well.

35. Plaintiffs and other laborers did not have the opportunity to experience profit or loss based on their managerial skill.

36. While Plaintiffs and other laborers were skilled in their work, it did not require any advanced degree.

37. The work of Plaintiffs and the other laborers was integral to Defendants' business.

38. Plaintiffs and the other laborers were economically dependent on Defendants.

39. Plaintiffs and the other laborers working for Defendants should be compensated at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

40. Defendants further made unlawful deductions from the overtime pay of Plaintiffs and other laborers when it made unlawful and unauthorized deductions from their paychecks purportedly for workers' compensation insurance ("WC Deduction") – a business expense which must be borne by Defendants, and which is not a proper deduction from overtime compensation.

41. The WC Deduction caused Plaintiffs and those similarly situated to not receive all of their pay for regular hours in weeks in which overtime was due.

42. The WC Deduction also constitutes an unlawful kickback from overtime pay.

43. Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendants.

44. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as installers/laborers, were misclassified as independent contractors, and prior to December 2021 were denied proper overtime compensation for all of their overtime hours both by failure to pay overtime premiums and improper WC Deductions which unlawfully deprived Plaintiffs and other laborers of full payment for all hours worked in overtime weeks. Through these common policies and practices, Plaintiffs and those similarly situated were without any premium for overtime hours.

45. Defendants have violated Title 29 U.S.C. §207 for the term of Plaintiffs' employment and continuing to December 2021 in that:

    a. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week during their employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

46. Defendants' failure and/or refusal to properly compensate Plaintiffs, and those similarly situated, at the rates and amounts required by the FLSA was willful, because

Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiffs, and those similarly situated, for hours over 40. This willfulness is further demonstrated by Defendants' classification of Plaintiffs and other laborers as "independent contractors" despite treating them in all respects as employees, for the apparent purpose of avoiding overtime payments.

47. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48. To the extent that WC Deductions occurred in non-overtime weeks and/or the Court disagrees that the WC Deductions constitute an unlawful kickback or failure to pay for all regular hours in overtime weeks in violation of the FLSA, Plaintiffs allege in the alternative that the WC Deductions constitute an unlawful deduction from wages under Florida law.

49. Defendants entered into an oral agreement to pay Plaintiffs an hourly rate for their work.

50. Plaintiffs performed the work requested.

51. Rather than pay Plaintiffs the agreed rate, Defendants effectively reduced the agreed rate of pay by making the WC Deduction, which was not agreed to.

52. The WC Deduction reduced the effective rate of pay to which Plaintiffs had agreed, thus breaching the agreement between Plaintiffs and Defendants to pay wages at an agreed hourly rate.

53. Plaintiffs have been damaged by Defendants' breach in the amount of the WC Deductions made from their pay.

54. Plaintiffs conferred a benefit upon Defendants through their work.

55. Defendants knowingly accepted and retained the benefit conferred.

56. Plaintiffs generated significant revenue for Defendants through their work.

57. Defendants did not pay the agreed amount for the work performed, because Defendant made WC Deductions from the pay of Plaintiffs.

58. Upon information and belief, Defendants did not pay the amounts purportedly collected for "WC Deductions" to workers' compensation insurance.

59. It would be unjust for Defendants to retain the benefit of Plaintiffs' work without paying the amount agreed for same.

60. The injustice of Defendants' retention of the benefit of Plaintiffs' work without making the agreed payment is compounded if, as is alleged upon information and belief, Defendant simply retained the money purportedly deducted for "WC Deductions."

61. However, even if Defendants used these monies to pay Workers' Compensation insurance fees incurred by Defendants, it remains unjust to deny Plaintiffs their full compensation for work performed for Defendants' benefit while allowing Defendants to use Plaintiffs' wages to satisfy Defendants' business expenses.

62. Defendant should be required, as a matter of equity, to return the WC Deductions made from Plaintiffs' checks.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

63. Plaintiff re-alleges paragraphs 1 through 47of the Complaint, as if fully set forth herein.

64. Throughout their employment, Plaintiffs worked in excess of forty (40) hours in many workweeks.

65. Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours in excess of forty (40) worked in each workweek.

66. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

67. Those similarly situated to Plaintiffs also worked similar hours, and performed similar duties for Defendants, but also were not paid any overtime premiums for hours over forty in a workweek.

68. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

69. Defendants failed to properly disclose or apprise Plaintiffs, and those similarly situated, of their rights under the FLSA.

70. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

71. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated, request: conditional certification, pursuant to Section 216(b) of the FLSA, of a collective employees who worked for Defendants as laborers in the three years preceding the filing of the Complaint; an order permitting Notice to all potential collective members; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages under the FLSA, as well as costs,

expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## BREACH OF CONTRACT

72. Plaintiffs incorporate paragraphs 1 through 10, 27 through 29, and 48 through 53, as though fully set forth herein.

73. Defendants and Plaintiffs entered into an agreement that Plaintiffs would perform work for an agreed hourly rate.

74. Plaintiffs did not agree to offset Defendant's business expense of paying workers' compensation insurance through deductions from their agreed wages.

75. To the extent any or all of the WC Deductions are not recoverable under the FLSA, the WC Deductions constitute an unlawful deduction from wages under Florida law.

76. Defendants breached their agreement with Plaintiffs when they made WC Deductions from Plaintiffs' paychecks.

77. Plaintiffs have been damaged by Defendants' breach in the amount of the WC Deductions made from their pay.

78. The amounts owed to Plaintiffs constitute wages under Florida law.

Wherefore, Plaintiffs pray for the following relief:

    a. An award in the amount of the WC Deductions made;

    b. An award of pre- and post-judgment interest;

    c. An award of attorneys' fees and costs pursuant to Florida Statutes § 448.08;

    d. Any and all other relief available in law or equity; and

    e. Any and all other relief that the Court deems just.

## COUNT III
## UNJUST ENRICHMENT
### (in the alternative)

79. Plaintiffs incorporate paragraphs 1 through 10, 27 through 29, 48, and 54 through 62, as though fully set forth herein.

80. Plaintiffs conferred a benefit upon Defendants through their work.

81. Defendants knowingly accepted and retained the benefit conferred.

82. Defendants were aware that Plaintiffs agreed to do the work based on the promise of payment of a particular hourly wage, without deductions for workers' compensation insurance.

83. Plaintiffs' work generated significant revenue for Defendants.

84. Upon information and belief, Defendants did not pay the amounts purportedly collected for "WC Deductions" to workers' compensation insurance, and instead retained these amounts, which should have been paid as wages to Plaintiffs as promised.

85. It would be unjust for Defendants to retain the benefit of Plaintiffs' work without paying the amount agreed for same, particularly if Defendants simply pocketed the monies for themselves, instead.

86. However, even if Defendants used these monies to pay Workers' Compensation insurance fees incurred by Defendants, it remains unjust to deny Plaintiffs their full compensation for work performed for Defendants' benefit while allowing Defendants to use Plaintiffs' wages to satisfy Defendants' business expenses.

87. Defendant should be required, as a matter of equity, to return the WC Deductions made from Plaintiffs' checks.

Wherefore, Plaintiff prays for the following relief:

    a. An award of the amount of the WC Deductions made;

    b. An award of pre- and post-judgment interest;

    c. An award of attorneys' fees and costs pursuant to Florida Statutes § 448.08;

    d. Any and all other relief available in law or equity; and

    e. Any and all other relief that the Court deems just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 15th day of June, 2022.

Respectfully submitted,

Angeli Murthy, Esq., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiffs*