UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JULIO RODRIGUEZ and WILFIDO
RODRIGUEZ, for themselves and on
behalf of those similarly situated,

    Plaintiffs,                                   CASE NO.: 0:22-CV-61144-KMM

vs.

STONE PERFECTION, INC., a
Florida Profit Corporation, SPI STONE OF
FLORIDA, INC., a Florida Profit Corporation,
and MIGUEL ROMAY, individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs, JULIO RODRIGUEZ and WILFIDO RODRIGUEZ (hereinafter referred to as "Plaintiffs"), and Defendants STONE PERFECTION, INC., SPI STONE OF FLORIDA, INC., and MIGUEL ROMAY, individually (hereinafter referred to as "Defendants") (collectively the "Parties"), having previously notified the Court of their settlement of this FLSA action jointly move for approval of the Parties' Settlement Agreement, which is attached hereto as **Exhibit "A"** (the "Agreement"). As set forth in the Settlement Agreement, the Parties agree that the terms reflected therein mutually are satisfactory and represent a fair and reasonable compromise of the claims which Plaintiffs have asserted in this case. The terms of the Agreement provide, among other things, for a substantial payment to Plaintiffs as well as compensation for their legal fees and for the entry of an order of dismissal upon Plaintiffs' receipt of payment. In further support of this motion, the Parties state as follows:

1. Plaintiffs filed their initial Complaint on June 16, 2022, alleging Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay them overtime compensation for hours they worked in excess of 40 in a workweek during their employment as laborers with Defendants in installing stone and other flooring. [D.E. 1].

2. Plaintiffs further alleged Defendants made unlawful deductions of overtime pay when they deducted the cost of workers' compensation insurance ("WC Deduction") from their paychecks.

3. Defendants denied all liability as to Plaintiffs' claims. Defendants admitted that Plaintiffs performed title laying work for Defendant Stone Perfection, Inc. but as skilled independent contractors operating their own separate business. Moreover, Defendants further denied Plaintiffs ever provided services or work to Defendant SPI Stone of Florida, Inc. and that its business, which involves owning a parcel of real estate, was not connected in any way to Plaintiffs or to their claims and that Plaintiffs' claims against it were frivolous. Defendants further took the position that after Plaintiffs stopped providing services to Defendant Stone Perfection, Inc. they engaged in a competing business and sought to tortiously interfere with that Defendant's business by purloining its business opportunities. Plaintiffs denied all liability as to Defendants' potential claims.

4. Pursuant to this Court's procedures for the practice and conduct of FLSA cases and the discovery rules, the Parties exchanged relevant documents including records evidencing payments made to Plaintiffs and records of the time Plaintiffs expended performing work for Defendant Stone Perfection, Inc. Among other things, Defendants produced available pay and time records for Plaintiffs. From these records, Plaintiffs calculated the amounts to which they claim entitlement in overtime pay for the applicable limitations period. Plaintiffs submitted these

calculations in connection with their Statement of Claim. (D.E. 10.). In connection therewith, Plaintiff Julio Rodriguez claimed entitlement to $19,246.53 in unpaid overtime pay, liquidated damages, and WC Deductions, and Plaintiff Wilfido Rodriguez claimed entitlement to $12,889.96 in unpaid overtime pay, liquidated damages, and WC Deductions, comprising a total of $32,136.49 between the two Plaintiffs.

5. Defendants maintain that neither Plaintiff is owed any monies because they were independent contractors not entitled to overtime pay, and had requested that Defendant Stone Perfection, Inc. provide them with Workers' Compensation insurance at their cost. Defendants further disputed the amounts which Plaintiffs would be entitled even if their allegations of entitlement to overtime pay were correct and that the only potentially liable Defendant was Defendant Stone Perfection, Inc.

6. On August 10, 2022, after intensive and involved negotiations and the exchange of multiple offers and counteroffers, the Parties reached a resolution of Plaintiffs' claims, which is fully and accurately recited in the Agreement, and filed their Notice of Settlement. Under their Agreement, Defendants have not admitted any liability. In exchange for Defendants' payment of a settlement sum to Plaintiffs, which is detailed *infra*, Plaintiffs will release Defendants and dismiss their FLSA claims and Defendants will release Plaintiffs from their potential claims involving tortious interference with their business. The Parties agree that this is a fair and reasonable settlement of a bona fide dispute. Under the Agreement, Plaintiff Julio Gonzalez is to receive approximately 70 percent of his claimed damages, including liquidated damages, and Plaintiff Wilfido Rodriguez is to receive approximately 75 percent of his claimed damages, including liquidated damages, separate and apart from the payment of their attorneys' fees.

7. The Parties' Agreement further provides for payment of monies to Plaintiffs' counsel as and for reasonable attorneys' fees and costs.

8. Under the Agreement, Defendant Stone Perfection, Inc. will pay Plaintiff Julio Rodriguez $13,000.00 and Plaintiff Wilfido Rodriguez $10,000.00 to settle their respective claims. The Agreement further provides for Defendant Stone Perfection, Inc. to pay Plaintiffs' counsel $7,000.00 as and for reasonable attorneys' fees and costs for representing Plaintiffs in this matter.

9. With respect to the $13,000 that is to be paid to Plaintiff Julio Rodriguez. $2,150.75 of that sum is allocated to satisfying his claim for overtime wages and an equal amount is apportioned for the payment of liquidated damages. The remaining balance satisfies Plaintiff Julio Rodriguez's other wage claims.

10. With respect to the $10,000 that is to be paid to Plaintiff Wilfido Rodriguez, $1,540.94 of that sum is allocated to satisfying his claim for overtime wages and an equal amount for the payment of liquidated damages. The remaining balance satisfies Plaintiff Wilfido Rodriguez's other wage claims.

11. Angeli Murthy, Esq. of the law firm of Morgan & Morgan, P. A. has represented Plaintiffs in this matter. Plaintiffs' counsel incurred more than 24 hours of billable time in this matter for a variety of tasks including, but not limited to, drafting and revising pleadings, the review time, pay and other records, preparing and revising the statement of claim, client conferences, preparing for and participating in discussions regarding settlement, and preparing initial drafts of, and revisions to, the settlement documents. Plaintiffs' counsel's customary hourly

rate was $500.00 at this matter's inception, and increased to $650.00 in January 2023. *See* Fee Ledger attached as **Attachment 1** to the Declaration of Angeli Murthy**,** submitted as **Exhibit B**.[1]

12.     Based upon Plaintiffs' counsel's hourly rate, the fees incurred total well in excess of $12,000.00.  In addition, Plaintiffs' counsel incurred costs of service of process and court filing fees totaling $593.85. *See* Exhibit B. Because these amounts far exceed the fees and costs they have agreed to receive in connection with the settlement, Plaintiffs' counsel has not included in the fee ledger her time spent preparing the initial draft of and revisions to this joint motion.

13.     Moreover, even at a rate of $350.00 per hour, the total fees and costs in this matter of Plaintiffs' counsel exceed the sum of $8,000.00.  In addition, paralegals for Plaintiffs' counsel's firm have spent time on this matter, which has not been included, making the compromised resolution of fees and costs of $7,000.00 reasonable on its face.  For purposes of settlement, Defendants do not dispute the reasonableness of the fee to be paid to Plaintiffs' counsel under the Agreement.

14.      As set forth in the attached Declaration of Angeli Murthy, Esq., she is board certified in Labor and Employment law by the Florida Bar, is a shareholder in the law firm of Morgan & Morgan, P.A., and has been practicing law since 2004. Ms. Murthy has dedicated her practice exclusively to labor and employment law since 2006. *See* **Exhibit B.** Ms. Murthy formerly was an attorney with the law firm of Morgan Lewis & Bockius, LLP from June 2006 until December 2011, before joining the Employee Rights Group at Morgan & Morgan, P.A.  *Id.* She frequently lectures on employment law at CLEs seminars and has presented the FLSA section of the Florida Bar's Labor and Employment Board Certification Exam Review Course. Given their

---

[1] Defendants take no position as to the reasonableness of the hourly rate of Plaintiffs' counsel but agree that a fee of $7,000 is reasonable for the work which Plaintiffs' counsel performed in this case including the number of total hours she reports in her affidavit as expending.

counsel's extensive experience and hours worked on this matter, Plaintiffs respectfully submit that the fee to be paid to their counsel is reasonable and should be approved.

15. All parties have been represented by experienced counsel throughout the litigation. Counsel for all parties represent that the settlement entered into by the Parties was a compromise of disputed claims including a potential counterclaim.

16. The Parties stipulate that they had a bona fide dispute under the FLSA and that they are resolving this matter in the early stage of the case to avoid the costs involved in litigating issues of liability, hours worked, liquidated damages, and willfulness, among other things, and because of the risk of the litigation. The range of possible recovery, together with the complexity, expense, and length of future litigation also militate in favor of the settlement reached. The Parties further stipulate that the settlement, as reflected in the Agreement, represents for Plaintiffs a reasonable resolution of their claims asserted in this action, and that the negotiated and agreed upon amounts of unpaid overtime and liquidated damages represent a compromise of disputed claims both as to liability and value reached at arms' length in good faith and without collusion.

## **MEMORANDUM OF LAW**

### A. **This Court is Empowered to Approve the Settlement of a FLSA Claim.**

Pursuant to the law of the Eleventh Circuit, parties may seek judicial review and approval of a settlement which involves the compromise of FLSA claims. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*;

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216©, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the

> district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F. 2d at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a FLSA settlement agreement both is fair and reasonable, the court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

**B.   <u>The Parties' Settlement Is a Reasonable Compromise of a Bona Fide Dispute</u>.**

In this case, Plaintiffs and Defendants jointly represent that there has been sufficient investigation and exchange of information and documents to permit Plaintiffs' and Defendants' and their respective clients to evaluate the competing actual and potential claims and defenses. Moreover, the record developed in this case permits counsel for the Parties to make recommendations to their respective clients concerning the risks and rewards of continuing the litigation as compared to settling the claims upon the terms which have been negotiated. This has involved exchanging extensive information and records, researching claims and defenses, and

extensive negotiations and consideration of the uncertainties of the outcome of the litigation as well as the costs of discovery, the preparation of potentially case dispositive motions and a trial. Moreover, the settlement reached provides Plaintiffs with a substantial recovery to be paid within 30 days after the Court's approval of the Agreement.

Moreover, should Defendants prevail in their defense that Plaintiffs were independent contractors, Plaintiffs' recovery in this matter completely would be foreclosed and they might have to pay Defendants' costs. Additionally, Defendants have raised the possibility of a potential claim or future claim for tortious interference, which the settlement resolves.

At the same time, after extensive consultation with their counsel, Plaintiffs are aware that they can recover more, or less, if the litigation were to go forward, and have made a fully informed decision to compromise their alleged claims. To that end, under the Settlement, Plaintiffs Julio Gonzalez and Wilfido Rodriguez will receive nearly 70 percent and 75 percent, respectively, of their claimed damages, including liquidated damages separate and apart from the payment of their counsel's fees.

### C. The General Release Is Reasonable In This Instance.

The settlement contains a general release. The Parties are aware that some courts are hesitant to approve general releases in FLSA claims, as they can be result from employer overreaching. The Parties respectfully submit that this is not the case here. Although Plaintiffs deny all liability for the potential claims Defendants raised, they specifically requested a general release in order to ensure that there would be no future litigation between the Parties and to resolve the potential tortious interference claim Defendants raised.

In approving mutual releases, "other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there

is a reciprocal agreement that benefits all parties." *Alves v. B&W Paving Contractors of Fla. et al.*, No. 2:17-cv-00664-JES-MRM, D.E. 27, at 00. 5-6 (M.D. Fla. Mar. 22, 2019) *report and recommendation adopted*, No. 2:17-cv-00664-JES-MRM, D.E. 28 (M.D. Fla. April 8, 2019) (citing *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), report and recommendation adopted, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015)). *See also Patton v. Bru's Room Sports Grill of Deerfield Beach, LLC*, No. 17-61475-CIV, 2018 WL 1898110, at *2 (S.D. Fla. Jan. 18, 2018), report and recommendation adopted, No. 17-61475-CIV, 2018 WL 1875623 (S.D. Fla. Jan. 22, 2018) (approving general release in FLSA case);[2] *Stamey v. JKW Maint. Corp.*, No. 12-61557-CIV, 2013 WL 12383486, at *2 (S.D. Fla. Apr. 15, 2013), report and recommendation adopted, No. 12-61557-CV, 2013 WL 12383487 (S.D. Fla. May 24, 2013) (approving mutual general release in FLSA case).

      **D.**      <u>**The Requested Fees Are Reasonable**</u>.

As set forth above, the fees recovered in this settlement are less than those actually incurred, whether at Plaintiffs' counsel's actual rates, or even at a rate of $350 per hour. Furthermore, the attorneys' fees and costs are not a percentage of Plaintiffs' recovery in this case. In other words, there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendants on Plaintiffs' behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims, and were

---

[2] Although the Report and Recommendation does not disclose mention whether the approved release was a general release, Judge Cooke's Order makes clear that it was of that nature.

9

negotiated independently. As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), when a

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the Parties in the Agreement resolves all of Plaintiffs' claims for attorneys' fees and Plaintiffs will have no responsibility to their counsel for any out-of-pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiffs were represented by competent counsel with experience in labor and employment law while Defendants also have been represented by counsel experienced in such matters. The Parties further advise the Court that they have in this motion set forth all of the material terms of the Agreement.

**WHEREFORE**, Plaintiffs, JULIO RODRIGUEZ and WILFIDO RODRIGUEZ and Defendants STONE PERFECTION, INC., SPI STONE OF FLORIDA, INC., and MIGUEL ROMAY respectfully request that the Court enter an Order approving their Agreement as it constitutes a fair and reasonable compromise of disputed claims, and dismiss this matter with prejudice, retaining jurisdiction to enforce the settlement until such time as the Settlement Consideration is paid and received, with each party to bear his or its own fees and costs except as otherwise set forth in the Agreement.

DATED: February 28, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Angeli Murthy* | */s/ Steven F. Samilow* |
| Angeli Murthy, Esq., B.C.S. | Steven F. Samilow |
| FBN: 088758 | FBN: 769142 |
| MORGAN & MORGAN, P.A. | STEVEN F. SAMILOW, P. A. |
| 8151 Peters Road, Suite 4000 | 1792 Bell Tower Lane |
| Plantation, FL 33324 | Weston, FL 33326 |
| Tel: 954-318-0268 | Tel: 954-245-463 |
| Fax: 954-327-3016 | Fax: 561-290-0272 |
| E-mail: amurthy@forthepeople.com | Email: stevens@samilowlaw.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

*/s/ Angeli Murthy*
Angeli Murthy, Esq.